SENTELLE, Chief Judge,
concurring:
I fully concur in the judgment of the court, and in the reasoning in the opinion *862 that supports that judgment. I do not join the last paragraph, which I think gratuitously addresses questions not before us and proceeds from a misapprehension of law. First, whatever question there was as to the district court’s first disposition is now moot. The second disposition has intervened, and it is the consequence of that disposition that we must now address. See Maj. Op. at 857-58. I therefore do not join the court’s comments on that first disposition. Secondly, in that paragraph, the court states, “The district court should have remanded the case, at the outset, to the Postal Service for an agency interpretation of the statute because it is quite obviously ambiguous....” Maj. Op. at 861. This reasoning seems to presuppose that the court cannot construe an ambiguous statute in an agency case but must always remand for the agency’s interpretation in the first instance. I know of no such rule of law. The Chevron principle, arising from Chevron, U.S.A. Inc. v. Natural Resources Defense Council Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), compels us to accept reasonable agency interpretations of ambiguous statutes where the agency has made such an interpretation. I know of nothing in Chevron or its progeny that renders courts impotent to perform their traditional function of statutory interpretation where the agency has not entered an interpretation.
For these combined reasons, I respectfully decline to concur in the last paragraph of the court’s opinion. I reaffirm that I join the judgment and the balance of the opinion.